**Senta Maria RUNGE, Plaintiff-Appellee,**

v.

**Joyce LEE and Joyce Eve Lee Cosmetics, Inc., a corporation, Defendants-Appellants.**

No. 24664.

United States Court of Appeals,
Ninth Circuit.

March 26, 1971.

Robert D. Hornbaker (argued), of Mahoney, Hornbaker & Schick, Santa Monica, Cal., for defendants-appellants.

Irwin O. Spiegel (argued), Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, CARTER and KILKENNY, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Runge filed suit against appellants Joyce Lee (hereafter Lee) and Joyce Eve Lee Cosmetics, Inc., (hereafter Lee Cosmetics) on related claims of copyright infringement and unfair competition pursuant to 28 U.S.C. §§ 1338(a) and (b). Runge waived a jury trial, but the appellants demanded one. The jury awarded Runge: (a) $80,000.00 as compensatory damages for copyright infringement against Lee and Lee Cosmetics; (b) $40,000.00 as compensatory damages for unfair competition against Lee and Lee Cosmetics; (c) $25,000.00 as punitive damages for unfair competition against Lee; and (d) $20,000.00 as punitive damages for unfair competition against Lee Cosmetics. Thereafter, the district court judge determined, pursuant to stipulation, that the net profits from infringement were $64,253.00. The court elected, however, to award Runge the $80,000.00 as compensatory damages for infringement, instead of the amount of profits. The district court also granted Runge $12,000.00 for attorneys' fees, issued a permanent injunction against further copyright infringement or acts of unfair competition, and ordered the remaining copies of Lee's infringing book impounded and destroyed. Judgment was entered accordingly. Lee and Lee Cosmetics appeal. We affirm.

*Background*:

Runge opened a salon in Los Angeles in 1957, where she instructed clients in facial exercise. In 1959, Runge wrote an article for *Vogue Magazine* describing her exercises, which became part of a book [*Face Lifting by Exercise*] that she published and copyrighted in 1961. Lee was a former interior decorator whose hobby was apparently the study and practice of facial exercise. In 1962, Lee was employed by Runge and was coached by her in facial exercise techniques. Lee gave exercise instructions at Runge's salon for about nine months, during which time she admittedly read and studied Runge's book thoroughly. In 1963, Lee left Runge's employ and opened her own salon in Los Angeles. In 1965, Lee published the allegedly infringing book—*The Joyce Lee Method of Scientific Facial Exercises.*

Runge's book contained verbal descriptions of various facial exercises, accompanied by illustrative photographs. The book sold approximately 1000 copies at $5.95, the last of which was sold in 1962. Lee's book also described various facial exercises, including virtually all those presented in Runge's book. Lee's book was quite elaborate and sold about 8000 copies at $25.00. During 1965, Runge was preparing for publication a sequel to her original book. Runge learned of

Lee's literary endeavors only after her "sequel" manuscript was rejected by various publishers because Lee's book would be on the market first.

*The Issues:*

Appellants raise a multitude of issues, some of which we discuss later herein. We note at the outset that, by electing a jury trial, appellants have made it impossible to have the careful findings of fact and conclusions of law that would have been available to us had the trial been to the court. Instead, we have in the record the general verdicts of the jury and the instructions of law given by the court to the jury. These verdicts and instructions have become, in substance, the equivalent of findings of fact and conclusions of law. If there was sufficient evidence before the jury on a particular issue, and if the instructions of law on that issue were correct, then the jury's verdict must stand.

The major issues in the case are:

(1) Was the copyright valid; did appellants infringe; was there sufficient evidence of damage?

(2) Did appellants engage in unfair competition; was there sufficient evidence of damage?

(3) Was there error in the instructions to the jury?

Numerous secondary issues are presented and some of them will be discussed in the treatment of the issues listed above.

A. *Copyright Validity Issues:*

Appellants assert on appeal that Runge's copyright is invalid because: (1) the book lacked the element of "novelty"; and, (2) Runge failed to disclose in her copyright application the fact that portions of the book had been previously copyrighted by *Vogue Magazine.* Appellants failed to attack the copyright's validity at trial, but we will nevertheless consider the contention.

■ The standard of "novelty" urged by appellants is applicable to patents, but not copyrights. The copyright standard is one of "originality":

> "The requirements for the 'originality' necessary to support a copyright are modest. The author must have created the work by his own skill, labor and judgment, contributing something 'recognizably his own' to prior treatments of the same subject. However, neither great novelty nor superior artistic quality is required."

Doran v. Sunset House Dist. Corp., (S.D.Cal.1961) 197 F.Supp. 940, 944, aff'd (9 Cir. 1962) 304 F.2d 251. There was sufficient evidence before the jury to support a finding that Runge's book satisfied the originality requirement.

■ Runge's agreement with *Vogue* provided that the magazine acquired only publication rights to the materials and that the copyright was to revert to Runge for all further uses as of January 1, 1960. Thus, Runge was the beneficial owner of the copyright and entitled to unrestricted use of the materials after January 1, 1960. See Witwer v. Harold Lloyd Corp. (S.D.Cal.1930) 46 F.2d 792, 795; Goodis v. United Artists Television Inc., (2 Cir. 1970) 425 F.2d 397, reversing 278 F.Supp. 122 (S.D.N.Y.1968).

■ Also, Runge's book contained substantial new matter not contained in her 1959 article. Therefore, the notice of copyright in the 1961 book represented complete compliance with the Act's requirements [17 U.S.C. § 7]. *See e. g.,* Wrench v. Universal Pictures Co. Inc., (S.D.N.Y.1952) 104 F.Supp. 374. There was certainly no evidence that Runge's application was intended to or did in fact deceive or mislead anyone. Accordingly, we must conclude that Runge's omission, if any, was innocuous and did not render the copyright invalid. *Wrench, supra.*

B. *Copyright Infringement Issues:*

Assuming that Runge's copyright is valid, appellants contend that Lee's book was a *de minimus* infringement or merely "fair use" of Runge's materials. The record indicates that Lee's book con-

tained all 16 of the exercises described in Runge's book, but presented only one completely different facial exercise.

Chautauqua School of Nursing v. National School of Nursing (2 Cir. 1916) 238 F. 151, relied on by appellants, contains the general principles of copyright law. (1) "There cannot be exclusive property in a general subject"; (2) "The rights of any person are restricted to his own individual production"; (3) One has "a right to consult all previous publications on the subject"; and (4) "the question is whether the writer has availed himself of the earlier writer's work without doing any independent work himself"; or put differently, is the "production is the result of independent labor or of copying." (238 F. at 153).

As stated in Universal Pictures Co., Inc., v. Harold Lloyd Corporation (9 Cir. 1947) 162 F.2d 354,

"Complete or substantial identity between the original and the copy is not required. Copying and infringement may exist, although the work of the pirate is so cleverly done that no identity of language can be found in the two works."

Lee had access to Runge's book when she wrote her book. She was entirely familiar with the exercises as practiced by Runge. Lee's only published writing was an article in a newspaper on interior decorating. But Lee was able to write her book in one month during parts of November and December 1964. The complete manuscript was ready for printing in July 1965.

■ We have examined the court's instructions on the matter of copyrights and infringement, and cannot find them erroneous. The court gave instructions favorable to appellants' theories, based in the main on appellants' requested instructions. These instructions read: "The law allows anyone the right to publish and copyright a new treatment of a subject; and a similarity of form or impression between the two different writers which necessarily follows due to

the nature of the subject matter or idea being conveyed is allowable and permissible. A new treatment of a subject matter that demonstrates *its independent production, or using a prior work, as a model, is allowable and not an unlawful copy*. If you find that a subsequent writer *used her own labors, skills or common sources of knowledge open to all men*, and that the resemblances are accidental, or arise from the nature of the subject matter, this does not amount to a wrongful copying * * * ". [Emphasis added]

■ One of the issues before the jury was whether Lee by her own labors had made an independent treatment of the subject matter, or whether she had copied from Runge's book and relied on Runge's labors. The jury found on this against the appellants. We sustain its verdict.

Appellants also attack the adequacy of the evidence supporting the jury's determination of damages from infringement. The record discloses evidence that appellants' infringement severely damaged the value of the reissue and republication rights of Runge's original book and her sequel. It is expressly provided in 17 U.S.C. § 1, that a person upon complying with the provisions contained in Title 17, shall have the exclusive right "(a) * * * to reprint * * * the copyrighted work", and "(b) * * * make any other version thereof * * * ".

■ Runge testified that the value of her labor in writing the sequel was $20,000.00 (computed at $15 an hour), and that the value of publication rights for reissuance or continuation of her exercises was at least $100,000.00 (based on past experience). Credible testimony by the owner of literary property regarding its value can provide an adequate evidentiary basis for an award of damages. Universal Pictures Co., Inc. v. Harold Lloyd Corp. (9 Cir. 1947) 162 F.2d 354. The trial judge determined, pursuant to appellants' stipulation, that infringing profits amounted to $64,253.-

00 but elected to award Runge the jury's determination of $80,000.00 for compensatory damages from infringement. 17 U.S.C. § 101. Such an election is properly within the court's discretion. See *Universal Pictures, supra.* Thus, appellant's attack on the adequacy of the record to support the damages awarded is without merit.

## C. *Unfair Competition Issues*:

The unfair competition claims were based upon: (1) Lee having held herself out as the creator or originator of the facial exercises in question; and (2) Lee's use of deceptive "before" and "after" photographs on the cover of her book and in her promotional materials. It is important to note that since there were no findings in this jury-tried case, and since the jury did not return special verdicts, we must sustain the jury's determination if *either* of the claims is legally sound and supported by adequate proof.

■ Appellants' first attack the jury's implicit finding that Runge was the originator of the facial exercises. Lee contends that there is no evidence that Runge did in fact originate the exercises and that, even if there were, such an interest is not legally protected. The court gave what we believe is a proper statement of the law, to-wit:

> "Where there is a secondary meaning or public identification between an author and a certain work or program and another person falsely represents that she is the originator of such work or program resulting in confusion of authorship, such representations constitute unfair competition."

*See, e. g.* Ojala v. Bohlin (1960) 178 Cal.App.2d 292, 2 Cal.Rptr. 919.

■ There was ample evidence from which the jury could have concluded that Runge was the creator or originator of the facial exercises. The record reflects that Lee refers to herself as the creator or originator of these exercises on numerous occasions in her book and promotional materials. Thus, there is suffi-cient evidence to support the jury's finding of unfair competition on this ground.

On the back cover of Lee's first edition and again on pages X and XI, there were two photographs of Margaret Kaumlen together with the following statements: "These photographs of Margaret Kaumlen at the age of 55 years [were] taken at an interval of five months. This transformation was the result of using the Joyce Lee method of scientific facial exercises". In Lee's second edition of her book, the statement was modified as follows: "Here on the right is the same Margaret Kaumlen at the age of 52, the startling transformation was the result after five months of faithfully following the Joyce Lee method". These "before" and "after" photos were also used extensively in Lee's promotional materials and activities. Runge claimed these statements were false and misleading, and damaged her business reputation because she could not truthfully represent to prospective clients that her techniques would achieve similar results.

■ At trial, there was evidence that: (1) the "before" picture was a passport photo taken many years prior to the "after" picture; (2) the "after" photo was taken after Kaumlen had been performing the Lee exercises for only five months; but, (3) the "remarkable results" displayed in the "after" photo might also be attributable to facts shown by testimony in the record of the retouching of the photo negative, the wig worn by Kaumlen, and/or the slight cosmetic surgery that Kaumlen had undergone in the interim. On these facts, the jury could reasonably conclude that appellants' use of these photos constituted unfair competition.

■ Appellants also contend that the jury's award of $40,000.00 in compensatory damages for unfair competition was not supported by adequate evidence in the record. The record contains evidence that appellants' claims caused public confusion regarding the true originator of the exercises. Also

appellants' "before" and "after" representations suggested results that Runge was forced to tell prospective clients could not be obtained by her methods. It seems inevitable that Runge's business and reputation would suffer as a consequence of these representations. Runge testified that she had lost many salon customers to appellants and her sales of related cosmetics had declined as a result of appellants' representations. Accordingly, we conclude that appellants' contention that there is insufficient evidence to support the jury's verdict is without merit.

### D. *Other Contentions*:

Appellants contest the jury's award of punitive damages for unfair competition. The court's instructions were both legally sound and very explicit in setting forth the factual elements that the jury would have to find in order to award punitive damages. The determination that appellants' acts were wanton and malicious was within the exclusive province of the jury. On this record, we cannot say that the jury's determination was erroneous.

Appellants attack the court's inclusion and exclusion of certain evidence. Having carefully reviewed these evidentiary rulings, we conclude that most of the rulings were entirely correct, and those that were arguably incorrect did not result in prejudice to appellants in view of the weight of other evidence in the record. We find no error.

Appellants assert that several of the court's instructions to the jury were incorrect statements of the law. We have reviewed these contested instructions and conclude that appellants' complaints are without merit.

Finally, the awarding of $12,-000 attorney's fees was not improper. 17 U.S.C. § 116 provides that the court "may award to the prevailing party a reasonable attorney's fee as part of the costs." The patent cases cited by appel-

lants are not applicable. The language of the old statute pertaining to patent cases, 35 U.S.C. § 70 (1946) and the new statute, 35 U.S.C. § 285 (1952) read differently from the copyright statute and do not control copyright cases.

The judgment of the district court is affirmed.