Tom SMOTHERS et al., Plaintiffs,

v.

COLUMBIA BROADCASTING SYSTEM, INC., Defendant.

No. 69–1900–AAH.

United States District Court,
C. D. California.

May 29, 1973.

Slaff, Mosk & Rudman, Los Angeles, Cal., for plaintiffs.

Wilmer, Cutler & Pickering, Washington, D. C., and O'Melveny & Myers, Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

The Third Cause of Action (Fourth Cause of Action in the original Complaint) of plaintiff Comedic Productions, Inc. (hereinafter sometimes "Comedic"), for copyright infringement by defendant (hereinafter sometimes "CBS"), having come on for trial before the Court, sitting without a jury, on the 18th, 20th and 23rd days of April, 1973, and the Court having heard and reviewed all of the evidence and arguments, both oral and written, presented by each of the parties, the Court hereby makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Federal jurisdiction and venue are properly invoked under 28 U.S.C.A. § 1332, the plaintiff being a California corporation and the defendant being a New York corporation, with all parties doing business within the Central District of the State of California. The amount in controversy, exclusive of costs and interest, exceeds $10,000.00. Jurisdiction and venue properly lie on the additional basis of 17 U.S.C.A. § 101 pertaining to copyright infringement.

2. Comedic holds and, prior to the commencement of this action, held valid Certificates of Registration on videotapes of the following television programs in the television series known as the "Smothers Brothers Comedy Hour":

| Certificate Number | Production Number |
|---|---|
| MP 19293 | 0207 |
| MP 19294 | 0209 |
| MP 19295 | 0212 |
| MP 19296 | 0217 |
| MP 19297 | 0219 |
| MP 19298 | 0221 |
| MP 19299 | 0222 |

3. At all times material to this action, Comedic was and is the owner of the copyrights in the aforesaid videotapes and programs and said copyrights were and are valid in all respects.

4. At all times material hereto, CBS knew that Comedic was the owner of the copyrights listed above.

5. Prior to April 3, 1969, there was in force and effect an agreement between Comedic and CBS providing, among other things, that Comedic would license to CBS various videotapes of programs in the "Smothers Brothers Comedy Hour".

6. On April 3, 1969, CBS, without legal justification, terminated the aforesaid agreement. The jury, in trying the other causes of action in this matter, has determined that said termination by CBS constituted a material breach of the agreement between the parties and the Court accepts and adopts that finding in making the finding No. 10 hereinafter, pursuant to stipulation of the parties.

7. After the breach by CBS, there still remained to be broadcast, pursuant

to the agreement between Comedic and CBS, two original programs of the regular television season (programs #0225 and #0227). Both of these programs had been taped prior to the termination. Thereafter, CBS requested that Comedic issue licenses to CBS so that CBS could broadcast programs #0225 and #0227. (Plaintiffs' Exhibit No. 172) Two such licenses were negotiated and finalized between the parties and the two programs were broadcast as scheduled. (Plaintiffs' Exhibit Nos. 120 and 122)

8. On April 22, 1969, Mr. Jack Purcell, CBS' West Coast general counsel, advised Comedic through its representative, The William Morris Agency, that CBS intended to broadcast the seven "rerun" programs that form the subject matter of this copyright infringement action. (Plaintiffs' Exhibit No. 171) The William Morris Agency responded to Mr. Purcell, stating that since CBS had breached the basic agreement, it had no right or authority to broadcast the seven reruns but the Morris Agency offered to negotiate licenses for these seven programs. (Plaintiffs' Exhibit No. 124)

9. The parties never reached an agreement concerning the licenses for the seven rerun programs, or any of them, and no such licenses or other permission to broadcast the programs was granted to CBS. CBS thereafter broadcast the said rerun programs without the permission of Comedic and with actual notice that such permission was not granted.

10. The parties have stipulated (Reporter's Transcript pgs. 5363–5370), and the Court finds that pursuant to the jury's verdict on the First Cause of Action herein, the broadcast of these seven rerun programs infringed the copyrights of Comedic.

11. The license fee as set forth in the agreement which was breached by CBS was $60,000.00 per program for rerun programs. Prior to the first broadcast of the seven repeat programs here in issue, the parties agreed that this price of $60,000 per program was the proper price for each said broadcast.

12. The contract price to be paid by CBS to Comedic for the broadcasting of seven rerun programs, in the event CBS had not breached the agreement was $420,000.00.

13. The sum of $420,000.00 was not paid by CBS to Comedic.

14. It is agreed by the parties, and the Court finds, that the sum of $246,-421.39 was properly deductible by CBS and was charged against the sum of $420,000.00; and, that the former sum represents payments actually made by CBS for residual fees to individuals and corporations entitled thereto, and pension and welfare payments required by various unions. The sum of $420,000.00 less the $246,421.39, leaves a difference of $173,578.61, which was not paid by CBS to Comedic in connection with the seven rerun programs.

15. The aforesaid sum of $173,578.-61 not paid by CBS to Comedic is made up as follows: At the time CBS breached the agreement, program #0226 was scheduled to be broadcast by CBS but it was not broadcast by CBS. CBS had paid Comedic $170,000.00 for program #0226 (less certain so-called "below-the-line" charges) the amount to be paid pursuant to the agreement between Comedic and CBS, but CBS subsequently charged that amount (less certain uncontested inter-party adjudgment resulting in a net charge of $155,861.29) against said $420,000.00. CBS also charged against said $420,000.00 an amount of $2,717.32 for "West-to-East cable rental" in connection with program #0223 and $15,000.00 for "Defense costs for Jackie Mason suit" in connection with the same program, resulting in a total of $173,-578.61 charged by CBS against said $420,000.00. This sum of $173,578.61 is claimed by Comedic as its actual damage. CBS's actual cost incurred for the West to East Coast cable rental in connection with program #0223 was $2,-143.50. CBS's actual defense costs incurred to date in connection with the

suit brought by Jackie Mason against CBS are $7,286.40.

16. The "below-the-line" charges payable to CBS in connection with program #0226 totalled $42,516.00 and were paid by Comedic to CBS.

17. The amount paid by Comedic to Knave Productions Inc. (a corporation wholly owned by Tom and Dick Smothers which had loaned the services of Tom and Dick Smothers to Comedic) for the services of Tom and Dick Smothers in connection with program #0226 was $40,000.00.

18. As set forth in Conclusion of Law No. 6, *infra,* the Court is not awarding actual damages of the plaintiff and, therefore, does not purport to find whether or not the sum of $173,578.61 represents Comedic's actual damages.

## CONCLUSIONS OF LAW

1. Federal jurisdiction and venue are properly invoked under 28 U.S.C.A. § 1332, the plaintiff being a California corporation, with all parties doing business within the Central District of the State of California. The amount in controversy, exclusive of costs and interest, exceeds $10,000.00. Jurisdiction and venue properly lie on the additional basis of 17 U.S.C.A. § 101 pertaining to copyright infringement.

2. The plaintiff Comedic Productions, Inc. is, and at all times material hereto was, the owner of valid copyrights on the seven television rerun programs which form the subject matter of this cause of action.

3. The broadcast by CBS of the seven programs was without permission of the copyright owner and constituted infringements of said copyrights.

4. The infringements by defendant occurred while defendant was on notice of Comedic's ownership of the copyrights and Comedic's refusal to grant permission for CBS to broadcast the programs.

5. Comedic is entitled to recover pursuant to 17 U.S.C.A. § 101(b).

6. While evidence was offered to show the actual damages of Comedic and the actual profits of CBS resulting from the infringements, the Court, in its discretion, concludes that under the authority of the cases cited below, the Court should award neither plaintiff's actual damages nor defendant's profits, but rather "such damages as to the court shall appear to be just". 17 U.S.C.A. § 101(b); Runge v. Lee, 441 F.2d 579 (9th Cir. 1971); Universal Pictures v. Harold Lloyd Corporation, 162 F.2d 354 (9th Cir. 1970); Shapiro, Bernstein & Company, Inc. v. 4036 So. Vermont Avenue, 367 F.2d 236 (9th Cir. 1966).

7. The amount of $40,000.00 paid by Comedic to Knave Productions, Inc. for the services of Tom and Dick Smothers in program #0226 represented profits to Tom and Dick Smothers of program #0226.

8. A fair and just method of arriving at the amount to be awarded to Comedic is the following:

Start with $170,000.00, the amount paid by CBS to Comedic for program #0226 and subsequently charged by CBS against the amount which would have been due Comedic for rerun programs if CBS had not breached its agreement with Comedic; deduct therefrom the sum of $42,516.00 as the "below-the-line" charges payable by Comedic to CBS; also subtract the sum of $40,000.00 representing the profits of Tom and Dick Smothers, thus leaving a balance of $87,484.00; add back the sum of $42,516.00 since Comedic had already paid this amount to CBS. This leaves a balance of $130,000.00; add back one-half of the Smothers Brothers' profits in the sum of $20,000.00, getting a balance of $150,000.00; subtract therefrom the sum of $9,479.90 for out-of-pocket costs to CBS involved in the rental of a West-to-East cable and defense costs in the Jackie Mason suit; this leaves a final amount of $140,520.10. This last figure of $140,520.10 is the amount which the Court finds to be a just award to Comedic as a result of the infringements previously found in this action.

## JUDGMENT ON JURY VERDICTS

This action came on for trial before the Court and a Jury, Honorable A. Andrew Hauk, District Judge, presiding, and the issues having been duly tried and the Jury having duly rendered its verdict on plaintiffs' first two causes of action and defendant's counterclaim:

It is ordered and adjudged:

1. That the plaintiff Comedic Productions, Inc. on its First Cause of Action, recover of the defendant the sum of One Dollar ($1.00), with interest thereon at the rate of seven percent (7%) per annum as provided by law (based upon the verdict of the Jury, as set forth in Verdict Form No. 1, dated April 6, 1973); from which date interest shall run.

2. That the plaintiffs Tom Smothers and Dick Smothers as third party beneficiaries on their First Cause of Action, recover jointly of the defendant the sum of Seven Hundred Seventy-six Thousand Three Hundred Dollars ($776,300.00), with interest thereon at the rate of seven percent (7%) per annum as provided by law (based upon the verdict of the Jury, as set forth in Verdict Form No. 2, dated April 6, 1973);

3. That the plaintiffs Tom Smothers, Dick Smothers and Comedic Productions, Inc., on their Second Cause of Action, take nothing (based upon the verdict of the Jury, as set forth in Verdict Form No. 7, dated April 6, 1973);

4. That the defendant take nothing on its counterclaim (based upon the verdict of the Jury as set forth in Verdict Form No. 10, dated April 6, 1973), and said counterclaim is hereby dismissed;

5. That plaintiff Knave, Inc. is dismissed from this action and that said plaintiff therefore take nothing herein.

6. That each party shall bear its own and his own costs of suit and attorneys' fees incurred herein, and no costs of suit or attorneys' fees are awarded to any party or either side as against any other party or any other side.

## JUDGMENT ON COPYRIGHT ACTION

The Third Cause of Action (Fourth Cause of Action in the original Complaint) of plaintiff Comedic Productions, Inc. for copyright infringement having come on for trial before the Court, sitting without a Jury, on the 18th, 20th and 23rd days of April, 1973, and the Court having duly made its Findings of Fact and Conclusions of Law, and having found that the plaintiff Comedic Productions, Inc. owns valid copyrights on the original television videotapes and programs which form the subject matter of this cause of action, and that defendant infringed the said copyrights, and upon due deliberation having been had:

It is ordered and adjudged:

1. That the plaintiff Comedic Productions, Inc. on its Third Cause of Action (Fourth Cause of Action in its original Complaint) recover of the defendant the sum of One Hundred Forty Thousand, Five Hundred Twenty Dollars and Ten Cents ($140,520.10), with interest thereon at the rate of seven percent (7%) per annum as provided by law, based upon the Court's Findings of Fact and Conclusions of Law interest to run from date of entry of judgment herein.

2. That each party shall bear its own costs of suit and attorneys' fees incurred herein, and no costs of suit or attorneys' fees are awarded to any party or either side as against any other party or any other side.