**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

KEVIN LAMARR ANDRES,
          *Plaintiff-Appellant*,

      v.

MARSHALL, Correctional Officer at
RJ Donovan; R. OLSON, CCII
Appeals Coordinator; J. RAMIREZ,
CCII Appeals Coordinator; BRIGGS,
Chief of Appeals,
          *Defendants-Appellees.*

</td>
<td>

No. 15-56057

D.C. No.
3:13-cv-01733-
DMS-BGS


OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted December 14, 2016[*]

Filed April 21, 2017

Before: J. Clifford Wallace, Edward Leavy,
and Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY**

### Prisoner Civil Rights

The panel reversed the district court's dismissal of a pro se prisoner's excessive force claim for failure to exhaust administrative remedies under the Prison Litigation Reform Act, vacated the judgment, and remanded for further proceedings.

After prison staff failed to respond to plaintiff's grievance alleging excessive force, plaintiff filed a petition for writ of habeas corpus in state court regarding his attempt to exhaust the claim. While the state court action was pending, plaintiff filed the instant action alleging that administrative remedies were unavailable because officials failed to process his grievance. Subsequently, the state habeas court held an evidentiary hearing and granted the habeas petition, finding that plaintiff had timely filed a grievance and ordering that the grievance be accepted and processed. The district court subsequently dismissed the excessive force claim, finding that exhaustion was not complete at the time plaintiff filed the instant action.

The panel held that under the circumstances, plaintiff exhausted his available administrative remedies prior to filing suit, thereby satisfying *Ross v. Blake,* 136 S. Ct. 1850, 1859 (2016), and *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). The panel held that when prison officials fail to respond to a prisoner's grievance within a reasonable time,

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the prisoner is deemed to have exhausted available administrative remedies within the meaning of the Prison Litigation Reform Act.

## COUNSEL

Kevin Lamarr Andres, Imperial, California, pro se Plaintiff-Appellant.

Sylvie P. Snyder and Neah Huynh, Deputy Attorneys General; Jonathan L. Wolff, Senior Assistant Attorney General; Office of the Attorney General, San Diego, California; for Defendants-Appellees.

## OPINION

PER CURIAM:

California state prisoner Kevin Lamarr Andres appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo legal rulings on exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014). We vacate and remand.

This action arises from Andres' allegations that defendant Marshall used excessive force against him on January 23, 2013, while Andres was incarcerated at the Donovan Correctional Facility ("DCF"). Two days after the incident, Andres filed a 602 grievance regarding the alleged

---

[1] We address Andres' remaining claims in a concurrently filed memorandum disposition.

excessive force, but never received a response from DCF staff.

On April 4, 2013, Andres filed a petition for writ of habeas corpus in state court regarding his attempt to exhaust his excessive force claim. On July 24, 2013, Andres filed his original complaint in the instant action, alleging, in part, an excessive force claim and arguing that his administrative remedies were effectively unavailable because DCF failed to process his 602 grievance. On August 22, 2014, the state habeas court held an evidentiary hearing and granted Andres' petition, finding that Andres had timely filed a grievance and ordering DCF to accept and process Andres' 602 appeal.

Following the grant of Andres' habeas petition, the parties requested that the district court take judicial notice of the state habeas proceedings. In December 2014, the magistrate judge recommended that the district court dismiss the excessive force claim for failure to exhaust because exhaustion was not complete at the time Andres filed this action. In March 2015, the district court adopted the magistrate judge's recommendation and dismissed the claim under *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). The district court never formally ruled on the judicial notice request, but the record makes clear that the court considered the state court documents. We therefore treat those documents as part of the record on appeal. In June 2015, the district court entered judgment.

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *McKinney*, we addressed the question of

whether a district court must dismiss an action involving prison conditions when the plaintiff had not exhausted his administrative remedies prior to filing suit but was in the process of doing so when a motion to dismiss was filed. *See id.* at 1199. We concluded that exhausting available remedies during the course of litigation did not comply with § 1997e(a)'s requirements and held that a plaintiff must exhaust his administrative remedies prior to filing suit. *See id.*

We have also recognized that the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010). In *Ross v. Blake*, the Supreme Court agreed, holding that § 1997e(a) requires an inmate to exhaust only those grievance procedures "that are capable of use to obtain some relief for the action complained of." 136 S. Ct. 1850, 1859 (2016) (citation and internal quotation marks omitted). By way of a non-exhaustive list, the Court recognized three circumstances in which an administrative remedy was not capable of use to obtain relief despite being officially available to the inmate: (1) when the administrative procedure "operates as a simple dead end" because officers are "unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it"; and (3) when prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

Andres argues that his administrative remedies for his excessive force claim were rendered effectively unavailable by defendants' actions. We agree. The state habeas court

held an evidentiary hearing and found that defendants improperly failed to process Andres' timely filed grievance. Under the circumstances present here, Andres exhausted his available administrative remedies prior to filing suit, thereby satisfying *Ross* and *McKinney*. When prison officials fail to respond to a prisoner's grievance within a reasonable time, the prisoner is deemed to have exhausted available administrative remedies within the meaning of the PLRA. We reverse the district court's dismissal of Andres' excessive force claim for failure to exhaust, vacate the judgment and remand for further proceedings.

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**