NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LONNIE CLARK WILLIAMS, Jr.,

Plaintiff-Appellant,

v.

DANIEL PARAMO, Warden, et al.,

Defendants-Appellees.

No. 15-56160

D.C. No.
3:12-cv-00113-BTM-RBB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, Chief District Judge, Presiding

Argued and Submitted May 10, 2017
Pasadena, California

Before: O'SCANNLAIN and OWENS, Circuit Judges and WILKEN,[**] Senior
District Judge.

    Plaintiff appeals the district court's decision to grant summary judgment for

Defendants in this prisoner civil rights case. We have jurisdiction pursuant to 28

U.S.C. § 1291, and we reverse.

---

[*]This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**]The Honorable Claudia Wilken, Senior District Judge for the U.S. District Court
for the Northern District of California, sitting by designation.

## I.     Imminent Danger

Defendants argue that Williams may not maintain her[1] *in forma pauperis* (IFP) status in this appeal. If a prisoner has previously brought three or more actions or appeals that were dismissed as frivolous or on similar grounds, the prisoner may not bring a civil action or appeal a judgment in a civil action IFP "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner must "allege the continued existence of imminent danger at the time [a] notice of appeal is filed." *Williams v. Paramo* (*Williams I*), 775 F.3d 1182, 1187 (9th Cir. 2015). Williams has "three strikes" and therefore may only bring this appeal IFP if she was in imminent danger at the time she filed it.

Williams sufficiently alleged that she was in imminent danger at the time she filed this appeal. In her August 27, 2015 sworn motion for IFP and pro bono counsel she alleged that she was the victim of multiple attacks as a direct result of being labeled a sex offender by prison officials, and that she is under continuing threat of the same. Similarly, in her April 9, 2015 sworn opposition to Defendants' motion for summary judgment she made lengthy allegations of imminent danger akin to those

---

[1] Williams identifies as a transgender woman, and we refer to her as a woman even though she is classified as male in the prison records.

she had made previously and of a type that would be expected to continue. The ongoing imminent danger that Williams alleged at the time she filed the notice of the instant appeal is essentially indistinguishable from the danger that she alleged at the time of her first notice of appeal, which the panel in *Williams I* found sufficient. *Id.* at 1190. It is the law of the case, *see Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995), that the danger Williams alleged bears a legally sufficient nexus to Defendants' conduct, *Williams I*, 775 F. 3d at 1190.

Accordingly, Williams may maintain her IFP status in this appeal.

## II.  Exhaustion

On review of this grant of summary judgment, the panel considers the evidence *de novo*, *see Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017), and in the light most favorable to Williams as the non-movant, *see* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust "administrative remedies as are available" before bringing an action with respect to prison conditions. 42 U.S.C. § 1997e(a); *see Williams I*, 775 F.3d at 1190-91. "[A]n inmate is required to exhaust those, but only those, grievance procedures that are

'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Williams I*, 775 F.3d at 1191 (quoting *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc)). A prison official's improper failure to process a timely filed grievance renders administrative remedies unavailable, *Andres v. Marshall*, 854 F.3d 1103, 1105 (9th Cir. 2017) (per curiam), as does improperly screening out a grievance, *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010).

In *Williams I*, the panel found that Williams had met her burden of production to show that administrative remedies were not available to her by alleging under oath that she informed Warden Paramo of the facts underlying her grievance and he verbally rebuffed her; and that she then attempted to file a grievance and an appeal with Officer Cobb, who refused to file the grievance or the appeal.[2] 775 F.3d at 1191-92. The panel found that the evidence produced by Defendants "at most" met their burden, at the initial step of the *Albino* burden-shifting inquiry, to demonstrate

---

[2] Following remand, Williams clarified that she also re-wrote the grievance and appeal that she submitted to Officer Cobb and mailed the duplicates to Warden Paramo with a request that he forward them to Officer Cobb and instruct him to process them. Defendants do not dispute this.

the existence of a system of administrative remedies. *Id.* at 1192. The panel concluded that summary judgment[3] on exhaustion was improper and remanded for further proceedings. *Id.*

The only new evidence that Defendants offered after remand in support of their motion for summary judgment on exhaustion is the declaration of Officer Cobb. Officer Cobb did not deny that he refused to accept Williams' grievance and appeal. He declared that he did not recall receiving a grievance from Williams on January 5, 2012, but that if she submitted a grievance and he returned it, he would have done so because the grievance did not comply with prison regulations. Much like the evidence Defendants offered in support of their first dispositive motion, Officer Cobb's declaration shows that a system of administrative remedies was in place, and Defendants again carried their burden under the first step of the *Albino* inquiry. *See Williams I*, 775 F.3d at 1191. But Williams has also carried her burden to show that "something particular . . . made the existing and generally available administrative remedies effectively unavailable" to her. *Id.* The ultimate burden of proof on

---

[3] Defendants' motion for judgment on the pleadings relied on evidence outside the pleadings and the district court considered that evidence; accordingly, the panel in *Williams I* treated the district court's dismissal of the complaint as summary judgment. 775 F.3d at 1191.

exhaustion remains with Defendants under the *Albino* burden-shifting regime, *id.*, in addition to the burden to negate Williams' evidence in order to prevail on summary judgment, *see Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Officer Cobb's speculative testimony is insufficient to satisfy either burden.

Accordingly, Defendants have not demonstrated that there is no dispute of material fact concerning whether Williams exhausted her administrative appeals. We remand for further proceedings on this issue.

**REVERSED AND REMANDED.**