**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN LAMARR ANDRES,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>MARSHALL, Correctional Officer at RJ Donovan; R. OLSON, CCII Appeals Coordinator; J. RAMIREZ, CCII Appeals Coordinator; BRIGGS, Chief of Appeals,<br>*Defendants-Appellees.* | No. 15-56057<br><br>D.C. No.<br>3:13-cv-01733-DMS-BGS<br><br><br>ORDER AND AMENDED OPINION |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted December 14, 2016[*]

Filed April 21, 2017
Amended August 8, 2017

Before: J. Clifford Wallace, Edward Leavy,
and Raymond C. Fisher, Circuit Judges.

Order;
Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**SUMMARY**[**]

**Prisoner Civil Rights**

The panel amended the opinion filed April 21, 2017, vacated the district court's dismissal of California state prisoner Kevin Andres's excessive force claim for failure to exhaust, vacated the judgment, and remanded for further proceedings.

The panel held that Andres's administrative remedies for his excessive force claim were rendered effectively unavailable by prison officials' actions. The panel held that when prison officials improperly failed to process Andres's timely filed grievance alleging excessive force, Andres was deemed to have exhausted available administrative remedies.

The panel rejected the state's contention that dismissal for failure to exhaust was proper because Andres was still utilizing the grievance process at the time he filed suit. The panel held that exhaustion was measured at the time the action was filed, and when Andres brought his 42 U.S.C. § 1983 action in July 2013, his administrative remedies were unavailable.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kevin Lamarr Andres, Imperial, California, pro se Plaintiff-Appellant.

Sylvie P. Snyder, Deputy Attorney General; Neah Huynh, Acting Supervising Deputy Attorney General; Thomas S. Patterson, Supervising Deputy Attorney General; William C. Kwong, Acting Senior Assistant Attorney General; Xavier Becerra, Attorney General; Office of the Attorney General, San Francisco, California; for Defendants-Appellees.

**ORDER**

The opinion filed April 21, 2017, and published at 854 F.3d 1103, is amended. An amended opinion is filed concurrently with this order.

Defendants-Appellees' petition for rehearing, filed June 2, 2017 (Dkt. 32), is denied as moot.

Appellant's "Response to Defendant's Appeal," filed June 16, 2017 (Dkt. 33), is construed as an unrequested answer to the petition for panel rehearing and, as such, is ordered stricken. *See* Fed. R. App. P. 40(a)(3) ("Unless the court requests, no answer to a petition for panel rehearing is permitted.").

Petitions for rehearing may be filed regarding the amended opinion.

**OPINION**

PER CURIAM:

California state prisoner Kevin Lamarr Andres appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo legal rulings on exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014). We vacate and remand.

This action arises from Andres' allegations that defendant Marshall used excessive force against him on January 23, 2013, while Andres was incarcerated at the Donovan Correctional Facility ("DCF"). Two days after the incident, Andres filed a 602 grievance regarding the alleged excessive force, but never received a response from DCF staff.

On April 4, 2013, Andres filed a petition for writ of habeas corpus in state court regarding his attempt to exhaust his excessive force claim. On July 24, 2013, Andres filed his original complaint in the instant action, alleging, in part, an excessive force claim and arguing that his administrative remedies were effectively unavailable because DCF failed to process his 602 grievance. The state habeas court held an evidentiary hearing and, on October 10, 2014 (nunc pro tunc to August 22, 2014), granted Andres' petition, holding that

---

[1] We address Andres' remaining claims in a concurrently filed memorandum disposition.

Andres had timely filed a grievance and ordering DCF to accept and process Andres' 602 appeal.**²**

Following the grant of Andres' habeas petition, the parties requested that the district court take judicial notice of the state habeas proceedings. In December 2014, a magistrate judge recommended that the district court dismiss the excessive force claim for failure to exhaust because exhaustion was not complete at the time Andres filed this action. In March 2015, the district court adopted the magistrate judge's recommendation and dismissed the claim under *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). The district court never formally ruled on the judicial notice request, but the record makes clear that the court considered the state court documents. We therefore treat those documents as part of the record on appeal. In June 2015, the district court entered judgment.

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *McKinney*, we addressed the question of whether a district court must dismiss an action involving prison conditions when the plaintiff had not exhausted his administrative remedies prior to filing an action but was in the process of doing so when a motion to dismiss was filed. *See id.* at 1199. We concluded that exhausting available remedies during the course of litigation did not comply with § 1997e(a)'s requirements and held that a plaintiff must

---

**²** The California Court of Appeal later affirmed the superior court's order. *See In re Andres*, 198 Cal. Rptr. 3d 878 (Ct. App. 2016).

exhaust his administrative remedies prior to filing an action. *See id.*

We have also recognized that the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010). In *Ross v. Blake*, the Supreme Court agreed, holding that § 1997e(a) requires an inmate to exhaust only those grievance procedures "that are capable of use to obtain some relief for the action complained of." 136 S. Ct. 1850, 1859 (2016) (citation and internal quotation marks omitted). By way of a non-exhaustive list, the Court recognized three circumstances in which an administrative remedy was not capable of use to obtain relief despite being officially available to the inmate: (1) when the administrative procedure "operates as a simple dead end" because officers are "unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it"; and (3) when prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

Andres argues that his administrative remedies for his excessive force claim were rendered effectively unavailable by defendants' actions. We agree. The state habeas court held an evidentiary hearing and found that defendants improperly failed to process Andres' timely filed grievance. Under the circumstances present here, Andres exhausted his available administrative remedies prior to filing this action, thereby satisfying *Ross* and *McKinney*. When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available

administrative remedies. In such circumstances, prison officials have "thwart[ed] inmates from taking advantage of [the] grievance process," making that process unavailable. *Ross*, 136 S. Ct. at 1859; *cf. Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) ("Delay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is in fact available."); *cf. also Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 153 (3d Cir. 2016) (joining other circuits in holding "a prison's failure to timely respond to an inmate's properly filed grievance renders its remedies 'unavailable' under the PLRA"); *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004) ("Following the lead of the four other circuits that have considered this issue, we conclude that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance."); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("[T]he failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable."); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) ("[W]e refuse to interpret the PLRA so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances." (alterations and internal quotation marks omitted)).

The state contends dismissal for failure to exhaust was proper "because Andres was still utilizing the grievance process at the time he filed suit." We disagree. The PLRA states that "[n]o action shall be *brought* with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). We therefore measure exhaustion at the time the action is filed. *See McKinney*, 311 F.3d at 1199. The district court focused on the fact that, "as of August 22,

2014, administrative remedies remained available to [Andres] on his claim against Defendant Marshall." Andres, however, brought this action in July 2013; at that time, these remedies were unavailable.

We reverse the district court's dismissal of Andres' excessive force claim for failure to exhaust, vacate the judgment and remand for further proceedings.

Appellees shall bear the costs on appeal.

**VACATED AND REMANDED.**