**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL JOSEPH BLOOR, | No. 17-15072 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00610-RCJ-VPC |
| v. | |
| E. K. McDANIEL; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted September 26, 2017[**]

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Daniel Joseph Bloor, a Nevada state prisoner, appeals pro se from the

district court's judgment dismissing for failure to exhaust his administrative

remedies his 42 U.S.C. § 1983 action alleging a due process violation. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Andres v. Marshall*, 867

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1076, 1077 (9th Cir. 2017).  We reverse and remand.

The district court screened and dismissed Bloor's complaint on the basis that Bloor had not pursued his grievances beyond the first level as required under the Prison Litigation Reform Act.  However, Bloor alleged in his complaint that defendants refused to respond to his grievance, and he argued in his motion for reconsideration that his attempt to file a second-level grievance was rejected for lack of documentation, which he could not provide because he attached it to his prior, unanswered grievance.  Thus, the district court erred in concluding at this early stage of the proceedings, before defendants have appeared, that administrative remedies were available to Bloor.  *See Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." (citation and internal quotation marks omitted)); *see also Jones v. Bock*, 549 U.S. 199, 211-17 (2007) (failure to exhaust is an affirmative defense which defendants must raise and prove); *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (exhaustion is not required where administrative remedies are "effectively unavailable").  We reverse the judgment, and remand for further proceedings.

**REVERSED and REMANDED.**