

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN ALMY, | No. 14-17581 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00129-HDM-VCF |
| v. | |
| BRANDON DAVIS, Correctional Officer at LCC; TERRY NELSEN, LCC Correctional Officer; BRANDT HALLING, NDOC Correctional Officer; RUBEN VIDAURRI, WSCC Correctional Officer; VERONICA MEZA, WSCC Correctional Officer; KEVIN FANCHER; JAMES KEENER, Correctional Officer/Investigator, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted February 28, 2018[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:   THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Kevin Almy appeals the judgment of the district court in his 42 U.S.C. § 1983 action against certain employees of the Nevada Department of Corrections. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part and remand.

**1.** We do not reach Almy's contention that the district court erred by dismissing Almy's first action, Civil No. 3:11-cv-00023-ECR-VPC, without affording him an opportunity to file an amended complaint, causing him to incur two filing fees. Almy did not appeal the dismissal of the first action. We therefore are without appellate jurisdiction to address it. *See Smith v. Barry*, 502 U.S. 244, 248 (1992) ("Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review.").

**2.** The district court did not abuse its discretion by declining to appoint counsel under 28 U.S.C. § 1915(e)(1). Although Almy was presented with difficulties in pursuing his case, he did not establish "exceptional circumstances" warranting appointment of counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Almy, moreover, did not renew his request during the latter stages of the litigation.

**3.** Although Almy contends he did not receive the notice required by *Rand v. Rowland*, 154 F.3d 952, 955-56 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988), the district court found otherwise, and that finding is not clearly erroneous. The record shows the district court issued the notice, and Almy concedes he received the defendants' motion to dismiss, filed the same day as the *Klingele* notice.

**4.** Almy contends he was denied a fair trial because (1) he was seated more than 20 feet from the jury; (2) uniformed correctional officers stood behind him during the trial; (3) he had to wear waist and leg restraints during trial; (4) he was prohibited from approaching the jury to show them his scars; (5) the defendants and the court used the word "threatened" to refer to his intent to file administrative grievances or initiate legal action against corrections employees; and (6) the court allowed the defense to present evidence of his nine-year-old conviction for attempted murder to impeach his credibility. Because Almy has not filed copies of the trial transcript, we cannot meaningfully address these claims. *See Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (holding that "failure to provide relevant portions of a transcript may require dismissal of the appeal"). Almy also contends the district court abused its discretion by denying his motion for a mistrial with respect to a local radio program that he believes may have

influenced jurors. Again, because Almy has not presented a transcript of the proceedings, we are unable to address this claim of error. Almy's challenge to the district court's denial of his motion for trial transcripts at government expense is waived because he raises it for the first time in his reply brief. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992).

**5.** We decline to reach Almy's contention that the defendants interfered with his ability to prosecute this action by prison transfers; denying him photocopying privileges; and limiting his access to evidence, witnesses and exhibits. Although prisoners have "a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials," *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), *overruled on other grounds as stated in Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015), Almy did not present this claim in the district court.

**6.** Although Almy challenges a number of the district court's evidentiary rulings, he has not established an abuse of discretion. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (1999) (reviewing discovery rulings for an abuse of discretion).

**7.** Almy's challenge to the jury's decision not to award punitive damages is without merit. *See Runge v. Lee*, 441 F.2d 579, 584 (9th Cir. 1971) ("The determination that appellants' acts were wanton and malicious was within the exclusive province of the jury.").

**8.** We vacate the dismissal of Count VII for failure to exhaust administrative remedies. Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA, however, "does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" *Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017) (quoting *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010)); *see Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016). Almy asserted under penalty of perjury that he was unable to file an administrative grievance regarding Count VII because his requests for a sufficient number of grievance forms were denied. CR 94 at 5-7, 21; CR 164 at 2-3, 16. The defendants presented no evidence to the contrary. CR 27 at 7; CR 101 at 1-2; CR 175 at 3. It is therefore undisputed that Almy was not provided sufficient grievance forms to file an administrative grievance with respect to Count

5

VII, rendering administrative remedies effectively unavailable. *See Nunez*, 591 F.3d at 1226. Almy was not required to exhaust administrative remedies with respect to this claim. *See Andres*, 867 F.3d at 1078.

**9.** We also vacate the dismissal of Count XIV. In this claim, Almy alleges he was denied due process in connection with a disciplinary proceeding against him, resulting in his being placed in administrative segregation for 43 days. Although Almy filed a grievance challenging this discipline (grievance #3379), prison officials rejected it solely because Almy failed to attach a copy of the underlying disciplinary charges. Almy concedes he did not attach the underlying charges, but it is undisputed that he was unable to do so solely because he lacked the financial ability to photocopy them. Prison officials, moreover, were already in possession of the charges. Under these circumstances, Almy's administrative remedies were effectively unavailable. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) ("If prison officials screen out an inmate's appeals for improper reasons, the inmate cannot pursue the necessary sequence of appeals, and administrative remedies are therefore plainly unavailable."); *cf.* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

6

**10.**  The district court properly dismissed Count XV for failure to exhaust administrative remedies.  *See* 42 U.S.C. § 1997e(a).  Almy could have perfected his administrative grievances but failed to do so.

We vacate the dismissal of Counts VII and XIV.  We affirm in all other respects.  The case is remanded for proceedings consistent with this disposition.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**