**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY PAUL HEDIN, | No. 16-36056 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01504-CL |
| v. | |
| HAUN D. CASTILLO, Regional Director, Western Region, in his individual capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 14, 2018
Portland, Oregon

Before: TASHIMA, McKEOWN, and PAEZ, Circuit Judges.

Terry Paul Hedin, an inmate of Federal Correctional Institution, Sheridan

("FCI Sheridan"), appeals the district court's order granting summary judgment in

favor of Haun D. Castillo, Marion Feather, Richard Kowalczck, and Daniel

Williams (collectively, "Defendants") on Hedin's claims under *Bivens v. Six*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Unknown Named Agents*, 403 U.S. 388 (1971), the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C § 2674 *et seq.* Because the parties are familiar with the facts, we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part, vacate in part, and remand.

## I.     PLRA Exhaustion

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The district court adopted the magistrate judge's Findings & Recommendation ("F&R"), which concluded that Hedin had failed to exhaust his administrative remedies because it was undisputed that the Bureau of Prisons ("BOP") General Counsel never decided Hedin's three BP–11 appeals on the merits. *See* 28 C.F.R. § 542.15(a).

The PLRA's "edict" of exhaustion "contains one significant qualifier"— namely, "the remedies must indeed be 'available' to the prisoner." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). Thus, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (quoting *Booth v. Churner*, 532 U.S. 731,

738 (2001)).  Otherwise, the "inmate's obligation to exhaust" is absolute.  *Id.* at 1856.

In this case, there is a genuine issue of material fact whether Hedin properly mailed his three BP–11 appeals from FCI Sheridan to the General Counsel in Washington, D.C.  This fact is material because if Hedin properly mailed his BP–11 appeals, it gives rise to an inference that BOP staff—either at FCI Sheridan or at the Central Office in Washington, D.C.—improperly failed to process them.[1]  "When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."  *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) (per curiam).[2]  "In such circumstances, prison officials have 'thwart[ed] inmates from taking advantage of [the] grievance process,' making that process unavailable."  *Id.* (quoting *Ross*, 136 S. Ct. at 1859) (alterations in original).  Accordingly, we reverse the district court's

---

[1] The F&R did not consider this disputed fact to be material because "all of [Hedin]'s other remedies were properly processed and reported."  But the fact that Hedin's BP–9 requests, which are processed by FCI Sheridan staff, and Hedin's BP–10 requests, which are processed by the BOP Regional Office, were all "properly processed and reported" has no bearing on whether Hedin's BP–11 appeals were "properly processed and reported" by the Central Office.

[2] Given the time and resources spent addressing exhaustion and the fact that Hedin presented copies of three completed BP–11 appeals, the BOP could consider deeming Hedin's BP–11 appeals filed in this particular case.

3

grant of summary judgment on the issue of exhaustion and remand for further proceedings.

## II.     Failure to State a Claim

In light of our holding, we need not reach the merits of Hedin's claims.  In the event there was exhaustion or exhaustion is assumed, it was improper to dismiss the claims with prejudice and without leave to amend.[3]  *See McKinney v. Carey*, 311 F.3d 1198, 1200–01 (9th Cir. 2002) ("Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further [the] Congressional objectives [of the PLRA]."); *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (internal quotation marks omitted))).  Accordingly, we vacate and remand the portion of the district court's order dismissing Hedin's suit for failure to state a claim.

**REVERSED in part, VACATED in part, and REMANDED.**

---

[3] Unless, as indicated below, amendment would be futile.