**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RICHARD KIMBRO, | No. 16-16038 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02154-MCE-KJN |
| v. | |
| MIRANDA, HDSP Doctor; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued & Submitted April 12, 2018
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and OLGUIN,**
District Judge.

Richard Kimbro, a California state prisoner, appeals the district court's

dismissal of his claim under the Americans with Disabilities Act ("ADA"), 42

U.S.C. § 12132, *et seq.*, and several of his claims under 42 U.S.C. § 1983 against a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Fernando M. Olguin, United States District Judge for the Central District of California, sitting by designation.

set of prison officials at High Desert State Prison.  Kimbro also appeals the district court's denial of his requests for appointment of counsel as well as the trial court's evidentiary rulings during the jury trial on Kimbro's remaining claims under 42 U.S.C. § 1983.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We review de novo a dismissal for failure to state a claim.  *See Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1205 (9th Cir. 2016).

**1.**  The district court erred in dismissing Kimbro's ADA claim without leave to amend.  *See Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005) ("[L]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." (internal quotation marks omitted)).

To state an ADA claim, a plaintiff must show that: (1) he is a "qualified individual with a disability"; (2) he was "excluded from participation in or [was] denied the benefits of the services, programs, or activities of a public entity" or otherwise "subjected to discrimination by any such entity"; and (3) the exclusion, denial, or discrimination was "by reason of such disability."  42 U.S.C. § 12132; *Weinreich v. Los Angeles Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir.

2

1997).

Defendants do not dispute that Kimbro is a qualified individual with a disability. With respect to the second prong,[1] we have held that "the ADA's broad language brings within its scope anything a public entity does." *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) (internal quotation marks omitted). Thus, "prison-based programs, services, and activities fall within the purview of the ADA's reasonable modifications requirement[.]" *McGary v. City of Portland*, 386 F.3d 1259, 1268 (9th Cir. 2004).

And with respect to the third prong, although Kimbro's Complaint does not sufficiently allege that defendants' actions were taken "because of his disability," he might be able to plead facts establishing "both knowledge that a harm to a federally protected right [was] substantially likely, and a failure to act upon that the [sic] likelihood." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-40 (9th Cir. 2001) (intentional discrimination and deliberate indifference may be shown where defendants had "notice of [a] need for [] accommodation" and "failed despite repeated requests to take [] the necessary action"). As a result, the district court erred by failing to grant Kimbro leave to amend his ADA claim.

**2.** The district court erroneously dismissed Kimbro's excessive force claims

---

[1] The district court limited its analysis to the second prong.

3

against defendants Kelly and McBride.

Defendants correctly assert that Kimbro's Complaint alleges "only a legal conclusion" without any supporting facts. However, the documents Kimbro attached to his Complaint provided additional allegations of excessive force.[2] Kimbro alleged he was hand-cuffed behind his back, taken outside where leg irons were placed on him, and had his head pressed sideways against the ground, causing injuries to his back and knees. *See*, *e.g.*, *Byrd v. Phx. Police Dep't*, 885 F.3d 639, 642-43 (9th Cir. 2018) (plaintiff's allegation that defendants "beat the crap out of" him was sufficient to state an excessive force claim). With these attachments, Kimbro's Complaint alleges sufficient facts to survive a motion to dismiss.

**3.** We affirm the district court's dismissal of Kimbro's claim against defendant Clark for denial of medication on December 23, 2008. Even construing Kimbro's allegations liberally, he alleges, at most, a one day delay in receiving his medications, which is insufficient to state a deliberate indifference claim. *See Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (alleged delays in

---

[2] A court may consider exhibits attached to a complaint, *see Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) ("When a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment."), as well as "document[s] the authenticity of which [are] not contested, and upon which the plaintiff's complaint necessarily relies[,]" even if they are not attached to the complaint. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006).

4

administering pain medication, without more, do not constitute deliberate indifference).

**4.** The district court erred in concluding that Kimbro had not exhausted his administrative remedies against defendant Miranda arising from Miranda's alleged failure to return Kimbro for his second surgery.

Kimbro's grievances gave adequate notice of the nature of the claim for which he sought redress. Specifically, Kimbro provided sufficient information in his September 7, 2008, grievance to allow prison officials to understand that his need for pain medication was tied to the delay of his second surgery, and Kimbro "was not required to identify [Miranda] by name to exhaust the grievance against him." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (explaining that a grievance "suffices if it alerts the prison to the nature of the wrong for which redress is sought.") (internal quotation marks omitted). Nor was he required to exhaust the August 28, 2008, grievance to the final level of review because that grievance was partially granted. *See Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010) ("An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies.").

Finally, with respect to the September 7, 2008, grievance, there is no indication in the record as to why plaintiff's grievance was screened out.

Defendants stated before the trial court that the prison "did not retain a copy of plaintiff's appeal so no further information is available as to the reason it was screened out." Where prison officials fail to retain records relating to the filing or processing of an inmate's grievance, the prisoner should be deemed to have exhausted administrative remedies. *See Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."). Thus, Kimbro has established that prison officials screened his grievance for reasons unsupported by applicable regulations. *See Sapp*, 623 F.3d at 823-24. Although Kimbro's Complaint does not currently plead sufficient facts to state a deliberate indifference claim against Miranda, he should be given leave to amend. We therefore reverse and remand on this claim.

**5.** We affirm the district court's decision to dismiss Kimbro's claim against Clark for denial of medication on September 9, 2008, based on a failure to exhaust. Though Kimbro advances a "continuing violation" theory to argue that other grievances alleging denials of medication are sufficient to exhaust the September 9, 2008 denial of medication, those grievances do not discuss the September 9, 2008, denial. Thus, they were insufficient to put prison officials on notice of the denial of medication on September 9, 2008, to allow them "to take appropriate responsive

measures" to correct to problem. *See Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009) (internal quotation marks omitted).

**6.** The district court erred in ruling that Kimbro forfeited his supervisory liability claim because the claim was not raised until Kimbro's opposition to summary judgment.[3] The district court refused to consider plaintiff's supervisory liability claim because it found that plaintiff did not present this theory of liability in his Complaint. Construed liberally, however, the allegations in Kimbro's Complaint that Hougland threatened Kimbro that if he ever went "man down" again, Hougland would have his officers beat him and that Hougland was present when excessive force was used against Kimbro, were sufficient to state a claim for supervisory liability. *See, e.g.*, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (explaining that a supervisor is "liable for constitutional violations of his subordinates [under § 1983] if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them").

**7.** The trial court did not abuse its discretion in excluding Kimbro's trial exhibits. *See Wagner v. Cty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013)

---

[3] Because the parties addressed Kimbro's supervisory liability allegations as a new claim, the issue the parties identified in their briefing was whether the district court erred when it refused to consider Kimbro's "new theory of liability" during the summary judgment proceedings. However, Kimbro's initial Complaint contained sufficient allegations to state a colorable supervisory liability claim and thus the question is whether the district court erred in granting summary judgment.

("We review evidentiary rulings for abuse of discretion and reverse if the exercise of discretion is both erroneous and prejudicial."). Kimbro's evidence was properly excluded as inadmissible hearsay not subject to any exception. A document may be authentic, as was stipulated to here, but still contain inadmissible hearsay. *See United States v. Chu Kong Yin*, 935 F.2d 990, 1000 (9th Cir. 1991).

**8.** The trial court did not abuse its discretion in denying Kimbro's requests for appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Kimbro filed four requests for appointment of counsel, each of which cited Kimbro's limited access to the law library, his indigent status which prevented him from obtaining copies of legal papers, and one of which discussed hearing and mobility impairments that made it difficult for him to sit or stand for more than 15 minutes. The district court denied Kimbro's first request for appointment of counsel, stating only that it "considered the factors under *Palmer*," and Kimbro did not "meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time." Notably, the court failed to discuss Kimbro's hearing and mobility impairments.

The last three requests for counsel, which were virtually identical, were all denied after the district court had granted and denied in part defendants' motion for summary judgment. The district court should have articulated its reasoning in

more detail, particularly as to the requests plaintiff filed after summary judgment was partially denied. But even recognizing that this issue was close – and that the district court's rulings contained little explanation – we cannot say, under the circumstances here, that the district court abused its discretion in concluding that Kimbro did not establish the requisite "exceptional circumstances."

**AFFIRMED IN PART, REVERSED IN PART and REMANDED.**