**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL CERVANTES, | No. 18-15568 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02138-KJM-DB |
| v. | |
| BURCIAGA, C/O, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted July 15, 2019**

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Raul Cervantes, a California state prisoner, appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging an excessive force claim.  We have jurisdiction

under 28 U.S.C. §1291.  We review de novo.  *Albino v. Baca*, 747 F.3d 1162, 1168

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2014) (en banc) (failure to exhaust administrative remedies); *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1021 (9th Cir. 2009) (cross-motions for summary judgment). We affirm.

The district court properly granted summary judgment for defendant Burciaga because Cervantes failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the Prison Litigation Reform Act requires "proper exhaustion," which means "using all steps the agency holds out, and doing so *properly*" (citation and internal quotation marks omitted)); *Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017) (describing the limited circumstances under which exhaustion may be effectively unavailable) (citing *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)). In light of the above, the district court did not err in denying Cervantes's cross-motions for summary judgment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents that were not presented to the district court. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

Cervantes's contentions that the district court excused him from exhausting

administrative remedies and that its denial of defendant's prior summary judgment motion warranted judgment in his favor are unpersuasive.

All pending motions are denied.

**AFFIRMED.**