**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY MILLS, | No. 18-15531 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-05095-HSG |
| v. | |
| K. MITCHELL, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted October 25, 2019
San Francisco, California

Before: MELLOY,[**] BYBEE, and N.R. SMITH, Circuit Judges.

Jeffrey Mills appeals the district court's grant of summary judgment for

failure to exhaust administrative remedies under the Prison Litigation Reform Act

(PLRA), 42 U.S.C. § 1997e(a). With jurisdiction under 28 U.S.C. § 1291, we

reverse.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael J. Melloy, United States Circuit Judge for the
U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

We review a district court's legal rulings on administrative exhaustion de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014). The text of the PLRA requires that a prisoner exhaust *available* remedies before bringing an action related to prison conditions. 42 U.S.C. § 1997e(a). As such, "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (quotation omitted). Despite being officially available to an inmate, an administrative remedy is not capable of use to obtain relief when: (1) the procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," *id.*, (2) where it is "so opaque that it becomes, practically speaking, incapable of use," *id.*, or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," *id.* at 1860.

The record shows that, while Mills was imprisoned at San Quentin, an officer improperly removed him from his job. Mills pursued relief through the three-level administrative grievance system of the California Department of Corrections and Rehabilitation (CDCR). He filed a grievance about the removal and, subsequently, additional grievances alleging retaliation for filing the first grievance and seeking his employment records. Only three of his grievances are at

issue on appeal: those ending in 1751, 2514, and 2839.[1]  Multiple times, CDCR

failed to send proper notices to Mills and exceeded the regulatory deadlines for

issuing decisions.  At the time Mills brought his suit, he had pursued exhaustion of

his administrative remedies for roughly 10 months without a final decision.

The district court found Mills failed to exhaust available administrative

remedies.  On appeal, Mills relies on our precedent and argues CDCR's delay and

failure to provide proper notice effectively made remedies unavailable to him.

Mills also argues he properly exhausted grievance number 2839, which the district

court did not address.  We agree with Mills.

On de novo review, we find CDCR's handling of the grievances effectively

made remedies unavailable to Mills.  *See generally Ross*, 136 S. Ct. at 1859–60;

*Andres v. Marshall*, 867 F.3d 1076, 1078–79 (9th Cir. 2017).  CDCR's repeated

failure to meet the statutorily required deadlines and failure to provide proper

notice made remedies effectively unavailable to Mills.  *See Andres*, 867 F.3d at

1079.  Defendants cannot meet their burden to establish otherwise.  *See Albino*,

747 F.3d at 1172.  Further, the district court incorrectly disregarded grievance

number 2839 as being unrelated to this action.  The parties agree that this was in

error.  For these reasons, we reverse and remand as to all three grievances at issue

---

[1] The district court also considered a fourth grievance, number 3254, which Mills does not raise on appeal.

on appeal.

**REVERSED.**