FILED

MAY 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT TREVINO, | No. 18-15032 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-05373-PJH |
| v. | |
| E. DOTSON; D. AMBRIZ; D. VEGA; D. ANGUIANO; G. COLLIER; E. ELIAS; S. MILENEWICZ; M. PEREZ; P. LORD; W. WATERMAN; W. KEKU; C. SEVIER; B. HOPKINS; E. MEDINA; DOES, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted April 15, 2020
San Francisco, California

Before:  PAEZ and CLIFTON, Circuit Judges, and HARPOOL,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

Robert Trevino, a California prisoner, appeals the district court's grant of summary judgment in favor of defendants on his claims brought under 42 U.S.C. § 1983. In March 2012, Trevino was found guilty in a prison disciplinary hearing of assaulting another inmate with a weapon capable of causing serious bodily injury. He alleged that he filed an administrative appeal the next month, in April 2012, and received no response. Several months later, in August 2012, Trevino submitted an inquiry about the status of the appeal that he allegedly submitted in April. Trevino claimed in the August inquiry that he had filed an earlier inquiry in June requesting a "status update" of the appeal, but there is no other record evidence of this separate inquiry. In response to the August inquiry, a prison official informed Trevino that the appeal database showed no record of receiving Trevino's appeal.

Trevino took no further action to pursue his administrative remedies, and instead filed a habeas petition in California state court more than two years later. The state court dismissed Trevino's petition for failure to exhaust his administrative remedies. He then filed this action. The district court held that under the Prison Litigation Reform Act ("PLRA"), Trevino failed to exhaust administrative remedies and granted summary judgment in favor of defendants.

This Court reviews the district court's ruling on whether a prisoner failed to exhaust administrative remedies *de novo*. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any . . . correctional facility until *such administrative remedies as are available are exhausted*." 42 U.S.C. § 1997e(a) (emphasis added).

Trevino has failed to meet his burden of producing "evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The evidence raised by Trevino is insufficient to create a "genuine dispute as to any material fact" in this case. Fed. R. Civ. P. 56(a); *see Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). The record evidence reflects only a single inquiry that Trevino submitted in August, to which prison officials responded. And upon receiving this response, Trevino took no further action to pursue his administrative remedies. No reasonable jury could find that "prison administrators thwart[ed] [Trevino] from

3

taking advantage of a grievance process through machination, misrepresentation, or intimidation" on the basis of the evidence he has presented. *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017).

Finally, Trevino filed a motion for reconsideration under Fed. R. Civ. P. 60(b) arguing, *inter alia*, that the district court's analysis was incorrect because it overlooked evidence that he actually filed a new appeal on August 14, 2012. Accompanying that motion, he proffered for the first time an alleged "hand duplicated" copy of the August 14 appeal. The district court properly declined to consider this new evidence, which could have been provided in response to defendants' summary judgment motion.

**AFFIRMED.**