**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANCE ELLIOT WILLIAMS, | No.    20-55393 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-02345-MMA-JLB |
| v. | |
| BUENOSTROME, Correctional Officer; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted May 18, 2021**

Before:      CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

California state prisoner Lance Elliot Williams appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

violations of the First, Eighth, and Fourteenth Amendments.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a district court's summary judgment

_____

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for failure to exhaust administrative remedies.  *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014).  We affirm.

The district court properly granted summary judgment because Williams failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, internal quotation marks, and emphasis omitted)); *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) (exhaustion is measured at the time the action is filed); *McBride v. Lopez*, 807 F.3d 982, 986-87 (9th Cir. 2015) (to show that a threat rendered the prison grievance system unavailable, a prisoner must show that he was actually deterred from filing a grievance).

We reject as without merit Williams's contention that the district court should have considered as evidence Williams's unverified opposition to summary judgment.

**AFFIRMED.**