**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON A. MAHE,

        Plaintiff-Appellant,

  v.

JOE BARLETT; et al.,

        Defendants-Appellees,

 and

STATE OF NEVADA; et al.,

        Defendants.

No.   21-17141

D.C. No. 3:20-cv-00261-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Carla Baldwin, Magistrate Judge, Presiding

Submitted June 5, 2023[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jason Mahe appeals pro se from the district court's summary judgment for Nevada Department of Corrections, Northern Nevada Correctional Center Medical Department, state of Nevada, and individual prison official Defendants (Defendants). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment and the court's determination that a prisoner failed to exhaust administrative remedies. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004); *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010). We affirm.

Mahe, an inmate at Northern Nevada Correctional Center, alleges Eighth Amendment excessive force and deliberate indifference, equal protection, and First Amendment retaliation claims arising out of his treatment by Defendants at the Correctional Center. Mahe, who uses a wheelchair, alleges that Defendant Bartlett, joined by Defendants Sheeks and Smith, used excessive force when he lifted Mahe and slammed him to the ground, breaking his arm, in retaliation for Mahe's reporting of Defendants. Mahe also asserts that he did not receive adequate medical care and mental health treatment resulting from the incident, which led to his attempted suicide, and did not receive his seizure medication, which resulted in him injuring himself. Further, he alleges that his cell did not comply with the Americans with Disabilities Act and that he was treated differently than similarly situated inmates based on his disabilities. Mahe also asserts a First Amendment retaliation claim against Defendants Bartlett, Garibaldi, and Bell for allegedly threatening him.

Mahe sued Defendants under 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, arguing that Mahe's complaint should be dismissed because he failed to exhaust his administrative remedies. Mahe filed an opposition and a supplemental document, arguing that he thought he had exhausted his administrative remedies and/or that they were not available to him. Magistrate Judge Baldwin granted Defendants' motion for summary judgment, holding that Mahe failed to show that he exhausted his administrative remedies for each of his claims. Mahe asks us to overturn the summary judgment, arguing that he exhausted his administrative remedies, that his former lawyer failed to introduce evidence showing this, and that Defendants failed to respond and/or lost his grievances.

The Prison Litigation Reform Act requires inmates to exhaust available administrative remedies—in this case, the Nevada prison system's grievance process, governed by Administrative Regulation 740 (AR 740)—before filing suit in federal court. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). AR 740 requires that an inmate process a grievance through three levels: (1) Informal Grievance; (2) First Level Grievance; and (3) Second Level Grievance. AR 740.08-740.10. Once an inmate receives a response after the Second Level, or the 60-day response time frame expires with no response, administrative remedies are considered exhausted and an inmate may file an action in court.

Defendants provided an authenticated, documented history of all the grievance entries filed by Mahe, which shows that he did not complete all three levels of grievances for his claims or did not do so within the required timeframe of AR 740. Mahe contests this and asserts that he filed sufficient grievances and/or that Defendants purposefully lost or misplaced his grievances. The district court did not err in holding that Mahe's pleadings that his forms must have been misplaced—without more specific factual support—too speculative to create a genuine issue for trial. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Meanwhile, Defendants met their burden by providing non-speculative evidence. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc).

Nor did the district court err in holding that Mahe's "belief" that he "did [his] best" to follow all PLRA requirements failed to serve as an exception to the exhaustion requirement. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (a non-moving party at summary judgment must do more than simply show that there is some "metaphysical doubt" as to the material facts). The PLRA makes it clear that exhaustion of available administrative remedies is mandatory before an inmate may file an action in court. *Rumbles v. Hill*, 182 F.3d 1064, 1066 (9th Cir. 1999). Although Mahe faced hurdles in completing the grievance process, he has not shown how such remedies were "unavailable" to him. *Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017). Though he explains

that he was confused by the process and did not receive adequate help from his former lawyer, the record indicates that the grievance procedure here was known and knowable with reasonable effort, as the procedure was explained to Mahe numerous times by prison officials. *Albino v. Baca*, 697 F.3d 1023, 1037 (9th Cir. 2012), *on reh'g en banc*, 747 F.3d 1162 (9th Cir. 2014).

The district court did not err in holding that Defendants met their burden to establish that Mahe failed to exhaust his administrative remedies for each claim and therefore there was no genuine dispute as to any material fact for trial.

**AFFIRMED.**