**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL J. GADDY, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> E. MOGHADDAM, Dr., CSP Sacramento; B. SPILMAN, Registered Nurse, CSP Sacramento; VAUGN RELANO, Chief Registered Nurse, CSP Sacramento; S. POPPACHAN, Registered Nurse, CSP Sacramento; G. CHO, Registered Nurse, CSP Sacramento; C. LIM, Registered Nurse, CSP Sacramento; C. BURNETT, Appeals Coordinator, CSP Sacramento; C. LACY, Appeals Coordinator, CSP Sacramento; M. CRUM, Appeals Coordinator, CSP Sacramento, <br><br> Defendants - Appellees. | No. 23-2754 <br><br> D.C. No. 2:16-cv-02269-TLN-AC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted July 15, 2025**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

California state prisoner Michael J. Gaddy appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We vacate and remand.

The district court concluded that Gaddy failed to exhaust administrative remedies because he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. However, the record shows that Gaddy initiated relevant grievances on June 8 and July 31, but defendants failed to notify Gaddy that the grievances were not being processed as emergencies and then failed to respond to either of these grievances by the non-emergency deadlines. *See* Cal. Code Regs. tit. 15 §§ 3084.5(b)(2) (requiring notification of an inmate if an appeal received as an emergency was later determined not to meet the emergency criteria); 3084.8(c)(1)-(3) (setting forth time limits for responding to inmate appeals). Because the district court did not explicitly address the June 8 grievance or consider whether the prison's failure to respond to Gaddy's pending grievances by the deadlines set forth in the governing regulations rendered administrative remedies effectively unavailable to Gaddy, we vacate and remand for the district court to perform this analysis in the first instance

and for further proceedings. *See Fordley v. Lizarraga*, 18 F.4th 344, 355 (9th Cir. 2021) (observing that "[e]very circuit to have considered the issue has agreed that a prison's failure to respond renders an administrative remedy unavailable"); *see also Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017) (describing circumstances enumerated in *Ross v. Blake*, 578 U.S. 632 (2016) as "non-exhaustive").

Appellees will bear the costs on appeal.

**VACATED and REMANDED.**